UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| REED THIBODEAUX, *et al.* | CIVIL ACTION |
| VERSUS | NO. 24-1111 |
| GENERAL ELECTRIC COMPANY, *et al.* | SECTION M (1) |

## <u>ORDER & REASONS</u>

Before the Court is a motion for summary judgment filed by defendant Sikorsky Support Services, Inc. ("SSSI").[1] The motion is set for submission on July 9, 2026.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance July 1, 2026. Plaintiffs Reed and Cynthia Thibodeaux ("Plaintiffs"), who are represented by counsel, did not file an opposition to the motion. Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 250.

[2] R. Doc. 250-6.

[3] This is a personal injury case concerning alleged exposure to asbestos. Reed Thibodeaux ("Thibodeaux") was diagnosed with mesothelioma on December 22, 2023. R. Doc. 1-2 at 5. Thibodeaux and his wife filed this suit against SSSI and various other defendants, alleging that he was occupationally exposed to asbestos when he was a member of, and employed by, the United States Coast Guard from 1973 to 1994. *Id.* Plaintiffs allege that the defendants failed to protect Thibodeaux from, and to warn him about, the dangers of asbestos. *Id.* at 5-11. SSSI argues that it is entitled to summary judgment dismissing with prejudice all of Plaintiffs' claims against it because there is no evidence that Thibodeaux was exposed to asbestos from any of its products. R. Doc. 250. Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324. To prevail in an asbestos case under Louisiana law, a plaintiff must prove by a preponderance of the evidence that he was exposed to asbestos from the defendant's product and the exposure was a substantial factor in causing his injury. *Rando v. Anco Insulations Inc.*, 16 So. 3d

IT IS ORDERED that SSSI's motion for summary judgment (R. Doc. 250) is GRANTED,

and Plaintiffs' claims against SSSI are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 7th day of July, 2026.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

1065, 1088 (La. 2009). The plaintiff bears the burden of proof on both elements. *Vodanovich v. A.P. Green Indus., Inc.*, 869 So. 2d 930, 932 (La. App. 2004). The evidence may be direct or circumstantial. *Williams v. Boeing Co.*, 23 F.4th 507, 512 (5th Cir. 2022). When there are multiple causes of injury, "a defendant's conduct is a cause in fact if it is a substantial factor generating plaintiff's harm." *Adams v. Owens-Corning Fiberglas Corp.*, 923 So. 2d 118, 122 (La. App. 2005) (citing *Vodanovich*, 869 So. 2d at 932). Because there is a medically demonstrated causal relationship between asbestos exposure and mesothelioma, "every non-trivial exposure to asbestos contributes to and constitutes a cause of mesothelioma." *McAskill v. Am. Marine Holding Co.*, 9 So. 3d 264, 268 (La. App. 2009) (observing that the substantial-factor "burden can be met by simply showing that [the plaintiff] was actively working with asbestos-containing materials"). To defeat a motion for summary judgment regarding his asbestos exposure, a plaintiff "need only show that a reasonable jury could conclude that it is more likely than not that [he] inhaled defendant's asbestos fibers, even if there were only 'slight exposures.'" *Williams*, 23 F.4th at 512 (citing *Held v. Avondale Indus., Inc.*, 672 So. 2d 1106, 1109 (La. App. 1996)). At his deposition, Thibodeaux testified that he worked on or around aircraft or aircraft components from 1977 to 1982, during which time he assembled "support kits" for HH-52 helicopters. R. Doc. 250-1 at 2-3 (citing 250-4). SSSI did not exist as a corporate entity until 1984, and it is in the business of providing aviation support services, not the design or manufacture of aircraft or aircraft components. *Id.* at 3-4 (citing R. Doc. 250-5). Plaintiffs have submitted no summary-judgment type evidence to refute these facts. Accordingly, SSSI's motion must be granted.