UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| REED THIBODEAUX, *et al.* | CIVIL ACTION |
| VERSUS | NO. 24-1111 |
| GENERAL ELECTRIC COMPANY, *et al.* | SECTION M (1) |

## ORDER & REASONS

Before the Court is a motion for summary judgment filed by defendant Blackmer Pump Company ("Blackmer").[1]  Plaintiffs Reed and Cynthia Thibodeaux (together, "Plaintiffs") respond in opposition,[2] and Blackmer replies in further support of its motion.[3]  Having considered the parties' memoranda, the record, and the applicable law, the Court grants the motion because Plaintiffs have presented no evidence showing that Reed Thibodeaux ("Thibodeaux") was exposed to asbestos from a Blackmer product.

## I.    BACKGROUND

This is a personal injury case concerning alleged exposure to asbestos.  Reed Thibodeaux ("Thibodeaux") was diagnosed with mesothelioma on December 22, 2023.[4]  Thibodeaux and his wife filed this suit against Blackmer and various other defendants, alleging that he was occupationally exposed to asbestos when he was a member of, and employed by, the United States Coast Guard from 1973 to 1994.[5]  Plaintiffs allege that the defendants failed to protect Thibodeaux from, and to warn him about, the dangers of asbestos.[6]

---

[1] R. Doc. 257.
[2] R. Doc. 272.
[3] R. Doc. 279.
[4] R. Doc. 1-2 at 5.
[5] *Id.*
[6] *Id.* at 5-11.

## II.    PENDING MOTION

Blackmer argues that it is entitled to summary judgment dismissing with prejudice all of Plaintiffs' claims against it because there is no evidence that Thibodeaux was exposed to asbestos from any of its products.[7]  First, Blackmer argues that Thibodeaux's identification of Blackmer pumps is based on inadmissible hearsay.[8]  Blackmer contends that Thibodeaux testified at his deposition that an unidentified technician told him that he was working on a Blackmer pump, which Blackmer says is inadmissible to identify its product.[9]  Next, Blackmer argues that, even if Thibodeaux could reliably testify that he was around Blackmer pumps, he could not have been exposed to asbestos from them because the Blackmer pumps onboard the subject vessel did not contain asbestos gaskets, asbestos packing, or insulation.[10]  Blackmer supports its motion with the affidavit of Stephen C. Brown, its former manager of the military marine group, who also served as a product engineer and application engineer for the company.[11]  Brown attests that the Blackmer pumps that may have been installed aboard the subject vessel did not contain any asbestos gaskets or asbestos packing.[12]  He also states that Blackmer did not supply any external flange gaskets or specify the use of asbestos-containing external flange gaskets for its pumps, nor did it specify or require external insulation for its pumps.[13]

In opposition, Plaintiffs argue that Thibodeaux testified to working in close proximity to technicians replacing gaskets on Blackmer pumps, which they assert are "known to contain asbestos."[14]  They further contend that, although Thibodeaux testified that the technicians told him

---

[7] R. Doc. 257.
[8] R. Doc. 257-1 at 5-6, 8-9.
[9] *Id.*
[10] *Id*. at 6-7, 8-9.
[11] R. Doc. 257-6 at 1.
[12] *Id.*
[13] *Id.*
[14] R. Doc. 272 at 2-3, 5-7 (quote at 2).

they were Blackmer pumps, he has personal knowledge of that fact because he retrieved parts for the technicians doing the work on the pumps.[15]  Plaintiffs also contend that their medical expert has attributed Thibodeaux's asbestos exposure and mesothelioma to gasket replacement work that occurred aboard the subject vessel.[16]  Plaintiffs insist that this evidence, taken together, is enough for a jury to reasonably hold Blackmer liable.[17]

Blackmer replies, arguing that Plaintiffs have not pointed to sufficient summary-judgment evidence to refute its statement of uncontested facts and overcome its motion.[18]  Blackmer also argues that Thibodeaux's testimony establishes that he never saw the Blackmer name on a pump.[19] And Blackmer reasserts that any of its gaskets or packing aboard the subject vessel did not contain asbestos, which Plaintiffs cannot refute.[20]

## III.    LAW & ANALYSIS

### A.  Summary Judgment Standard[21]

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56.  "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails

---

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] R. Doc. 279 at 1-3.

[19] *Id.* at 3.

[20] *Id.* at 3-4.

[21] Plaintiffs advocate for the application of the summary-judgment standard used in Louisiana state courts. R. Doc. 272 at 3-5.  "While it is true that Louisiana substantive law governs Plaintiff[s'] asbestos exposure claim, it is Rule 56 of the Federal Rules of Civil Procedure, and not the Louisiana Code of Civil Procedure, that provides the legal standard here."  *McIntyre v. Chevron Phillips Chem. Co. LP*, 2026 WL 1551697, at *3 n.2 (E.D. La. June 2, 2026).

to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id*. at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The substantive law identifies which facts are material. *Id*. Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *EEOC v. Simbaki, Ltd*., 767 F.3d 475, 481 (5th Cir. 2014). Unsubstantiated assertions, conclusory allegations, and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994); *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary-judgment motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398-99 (5th Cir. 2008). Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual

4

controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must articulate specific facts showing a genuine issue and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A), (c)(2). Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary-judgment burden. *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(1)(B). Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075-76.

**B.  Liability for Asbestos Exposure**

To prevail in an asbestos case under Louisiana law, a plaintiff must prove by a preponderance of the evidence that he was exposed to asbestos from the defendant's product and the exposure was a substantial factor in causing his injury. *Rando v. Anco Insulations Inc.*, 16 So. 3d 1065, 1088 (La. 2009). The plaintiff bears the burden of proof on both elements. *Vodanovich v. A.P. Green Indus., Inc.*, 869 So. 2d 930, 932 (La. App. 2004). The evidence may be direct or circumstantial. *Williams v. Boeing Co.*, 23 F.4th 507, 512 (5th Cir. 2022). When there are multiple causes of injury, "a defendant's conduct is a cause in fact if it is a substantial factor generating plaintiff's harm." *Adams v. Owens-Corning Fiberglas Corp.*, 923 So. 2d 118, 122 (La. App. 2005) (citing *Vodanovich*, 869 So. 2d at 932). Because there is a medically demonstrated causal

relationship between asbestos exposure and mesothelioma, "every non-trivial exposure to asbestos contributes to and constitutes a cause of mesothelioma." *McAskill v. Am. Marine Holding Co.*, 9 So. 3d 264, 268 (La. App. 2009) (observing that the substantial-factor "burden can be met by simply showing that [the plaintiff] was actively working with asbestos-containing materials"). To defeat a motion for summary judgment regarding his asbestos exposure, a plaintiff "need only show that a reasonable jury could conclude that it is more likely than not that [he] inhaled defendant's asbestos fibers, even if there were only 'slight exposures.'" *Williams*, 23 F.4th at 512 (citing *Held v. Avondale Indus., Inc.*, 672 So. 2d 1106, 1109 (La. App. 1996)).

Here, Plaintiffs offer no proof, direct or circumstantial, that Thibodeaux was exposed to asbestos fibers attributable to Blackmer's products.  As Blackmer points out, Thibodeaux could not have been exposed to asbestos from its products aboard the subject vessel because its gaskets and packing did not contain any asbestos.  Plaintiffs do not offer any admissible evidence to contradict Brown's affidavit.  Instead, Plaintiffs rely on the assumption that pumps, like Blackmer's, are "known to contain asbestos."  This is not enough.  Thus, without evidence that Thibodeaux was exposed to asbestos from a Blackmer product, there is no basis upon which to hold Blackmer liable and its motion for summary judgment must be granted.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Blackmer's motion for summary judgment (R. Doc. 257) is GRANTED, and Plaintiffs' claims against Blackmer are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 9th day of July, 2026.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE